08-3636-ag
Weng v. Holder

BIA
Hom, IJ
A98 277 284

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

ZHEN GUI WENG,
        *Petitioner*,

        v.                                    08-3636-ag
                                              NAC
ERIC H. HOLDER JR.,*
        *Respondent*.

_____

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Assistant Attorney General, Michelle G. Latour, Assistant Director, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Zhen Gui Weng, a native and citizen of the People's Republic of China, seeks review of a June 30, 2008, order of the BIA affirming the July 13, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom, pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhen Gui Weng*, No. A98 277 284 (B.I.A. Jun. 30, 2008), *aff'g* No. A98 277 284 (Immig. Ct. N.Y. City July 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we are without jurisdiction to review the IJ's decision insofar as he found that Weng's

2

asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3). We dismiss the petition of review to that extent. However, we may review Weng's challenge to the agency's denial of his applications for withholding of removal and CAT relief.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The BIA properly noted in its decision that Weng was not *per se* eligible for asylum relief because of his wife's alleged forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Weng does not challenge that finding; rather, he argues that he is eligible for withholding of removal because he suffered past persecution on account of his "other resistance" to China's family planning policies. Because Weng failed to

3

assert that argument before the BIA, we decline to consider this unexhausted argument.[1] *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Moreover, because Weng fails to challenge the IJ's particular burden of proof findings – *e.g.*, that Weng's claim was undermined by the twelve-year period he remained in China after the alleged persecution - we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Finally, substantial evidence supports the IJ's finding that Weng failed to demonstrate that he will more likely than not be persecuted or tortured if returned to China. Weng's argument that the country conditions evidence he submitted is sufficient to demonstrate his eligibility for CAT relief is without merit as we have held that an applicant must present particularized evidence demonstrating that, if repatriated, he will "more likely than not be

---

[1] We note that Weng's argument that he is eligible for asylum and that his proceedings should be remanded to the BIA in the interest of due process is also without merit. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 147 (2d Cir. 2008) (stating that asylum applicants "do [] not have a liberty or property interest in a discretionary grant of asylum").

4

subjected to torture." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005). Thus, because Weng provides no basis for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of torture, we find no error in the IJ's decision. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5